1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   EDWARD J. STEINER ,

9                    Plaintiff,              Case No. C22-5526-RJB-SKV

10         v.                                REPORT AND RECOMMENDATION

11  BRENT KEMPSTER, et al.,

12                    Defendant.

13

14                    INTRODUCTION AND BACKGROUND

15         This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff is currently

16  incarcerated at the Washington State Penitentiary, proceeds *pro se* and *in forma pauperis* (IFP),

17  and brings claims for excessive force and conspiracy.  He names one tribal police officer, Brent

18  Kempster, and two private citizens, April Blair-Pullen and Nicole Wheeler, as defendants.

19  Plaintiff submitted an original proposed complaint to the Court for filing on July 20, 2022.  *See*

20  Dkt. 1-1.  The Court screened Plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a),

21  identified deficiencies in Plaintiff's pleading, and directed Plaintiff to file an amended complaint

22  correcting the noted deficiencies within 30 days of the Court's Order.  Dkt. 6.

23

1    Subsequently, on September 16, 2022, Plaintiff submitted an amended complaint to the

2    Court for review.  Dkt. 7.  The amended complaint alleges Defendants Blair-Pullen and Wheeler

3    conspired with Defendant Kempster following Defendant Kempster's unconstitutional use of

4    excessive force when arresting Plaintiff.  However, because Plaintiff alleges no facts indicating

5    that either Defendant conspired with Defendant Kempster to violate Plaintiff's constitutional

6    rights, the Court finds he has failed to state a § 1983 claim against them, and recommends they

7    be dismissed from this lawsuit without prejudice.

8                                                    DISCUSSION

9    Under the Prison Litigation Reform Act of 1996, the Court is required to screen

10   complaints brought by prisoners seeking relief against a governmental entity, officer, or

11   employee.  28 U.S.C. § 1915A(a).  The Court must "dismiss the complaint, or any portion of the

12   complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief

13   may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

14   28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193, 1194

15   (9th Cir. 1998).

16   To state a claim for relief under § 1983, a plaintiff must show: (1) he suffered a violation

17   of rights protected by the Constitution or created by federal statute, and (2) the violation was

18   proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947

19   F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts

20   showing how individually named defendants caused, or personally participated in causing, the

21   harm alleged in the complaint.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v.*

22   *IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).  Further, the requirement that a defendant must have

23   committed the alleged harm while acting under color of state law is satisfied when the defendant

1  "may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937

2  (1982); *see also Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir. 1989).

3         "[P]rivate parties who act in concert with officers of the state are acting under the color of

4  state law within the meaning of section 1983." *Evans*, 869 F.2d at 1348 (citing *Lugar*, 457 U.S.

5  at 930–31).  In other words, a private individual may be liable under § 1983 if he or she

6  conspired or entered into joint action with a state actor.  *Radcliffe v. Rainbow Constr. Co.*, 254

7  F.3d 772, 783 (9th Cir.), *cert. denied*, 534 U.S. 1020 (2001).  To prove a conspiracy between

8  defendants under § 1983, a plaintiff must show "an agreement or 'meeting of the minds' to

9  violate constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d

10  1539, 1540–41 (9th Cir. 1989) (quotations omitted).  "'To be liable, each participant in the

11  conspiracy need not know the exact details of the plan, but each participant must at least share

12  the common objective of the conspiracy.'" *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002)

13  (quoting *United Steelworkers*, 865 F.2d at 1541).

14         The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state

15  specific facts to support the existence of the claimed conspiracy."  *Olsen v. Idaho State Bd. of

16  Med.*, 363 F.3d 916, 929 (9th Cir. 2004) (internal quotation marks and citation omitted)

17  (discussing conspiracy claim under § 1985); *Burns v. County of King*, 883 F.2d 819, 821 (9th

18  Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section

19  1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy.").

20  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

21  statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic*

22  *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

23

The amended complaint alleges Defendants Blair-Pullen and Wheeler conspired with Defendant Kempster relative to his alleged violation of Plaintiff's Fourth Amendment rights by ignoring Plaintiff inside the store where the alleged incident of excessive force occurred; falsely representing that the incident occurred outside and that the outside security cameras did not work; denying Plaintiff video footage of the incident and failing to retrieve additional footage of the incident; failing to call for medical assistance after the incident; not assisting Plaintiff with his injuries even though they had first aid kits; and all staying inside the store after the incident while Plaintiff sat handcuffed alone outside for two hours. *See* Dkt. 7 at 6–8. While these allegations may indicate that Defendants Blair-Pullen and Wheeler conspired with Defendant Kempster to cover up the alleged constitutional violation, they fail to demonstrate an agreement or meeting of the minds between the Defendants to violate Plaintiff's constitutional rights in the first place. While Plaintiff uses phrases like "conspired," "meeting of the minds," "in concert," and "etering [sic] into joint action," he does not provide any specific facts showing that any of the Defendants actually agreed to commit the alleged Fourth Amendment violation, and there is no indication that any such agreement existed.

Further, allegations supporting a finding that a defendant engaged in a "cover-up of [constitutional] violations" may only state a federally cognizable § 1983 claim if the defendant's "actions can be causally connected to a failure to succeed in [a] lawsuit." *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 625 (9th Cir. 1988); *see also Mahone v. Pierce Cnty.*, No. C14-5665 BHS-KLS, 2015 WL 9311608, at *3 (W.D. Wash. Nov. 20, 2015), report and recommendation adopted, No. C14-5665-BHS-KLS, 2015 WL 9303485 (W.D. Wash. Dec. 22, 2015); *D. R. v. Contra Costa Cnty. CA,* No. 19-CV-07152-MMC, 2020 WL 5526604, at *7 (N.D. Cal. Sept. 15, 2020). Such a claim, however, is subject to dismissal without prejudice

where the "ultimate resolution of [a pending] suit remains in doubt." *See Karim-Panahi*, 839 F.2d at 625. Here, the instant action remains pending, meaning any potential cover up claim brought by Plaintiff under § 1983 is "not ripe for judicial consideration." *See id.* (holding plaintiff's claim that defendants engaged in a "cover-up" of Fourth Amendment violations was "not ripe" where claims alleging Fourth Amendment violations were pending resolution).

Accordingly, Plaintiff has failed to state a § 1983 claim against Defendants Blair-Pullen and Wheeler, and the Court finds that Plaintiff's claims against both Defendants should be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b).

<u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice under 28 U.S.C. § 1915A(b) as to Defendants April Blair-Pullen and Nicole Wheeler. A proposed Order accompanies this Report and Recommendation.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

<u>OBJECTIONS</u>

2        Objections to this Report and Recommendation, if any, should be filed with the Clerk and

3  served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

4  and Recommendation is signed.  Failure to file objections within the specified time may affect

5  your right to appeal.  Objections should be noted for consideration on the District Judge's

6  motions calendar for the third Friday after they are filed.  Responses to objections may be filed

7  within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter

8  will be ready for consideration by the District Judge on **<u>November 4, 2022</u>**.

9

10        Dated this 11th day of October, 2022.

11

12

13                                        _____
                                          S. KATE VAUGHAN
14                                        United States Magistrate Judge

15

16

17

18

19

20

21

22

23